HONORABLE FRED L. VAN SICKLE

A. LUIS LUCERO, JR. REGIONAL ATTORNEY
KATHRYN OLSON, SUPERVISORY TRIAL ATTORNEY
CARMEN FLORES, SENIOR TRIAL ATTORNEY
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 220-6920

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

    and

MARIA R. RAMIREZ, GABRIELA URIBE
AND MARIA CARDENAS,

    Plaintiff-Intervenors,

    v.

HIGHLAND FRUIT GROWERS, INC.,

    Defendant.

CASE NO. CV03-3132 FVS

CONSENT DECREE AND
ORDER OF DISMISSAL

## I. INTRODUCTION

1.    This action originated with discrimination charges filed by Maria R. Ramirez, Gabriela Uribe, Teresa Valle, and Maria Cardenas ("Charging Parties") with the Equal Employment Opportunity Commission ("EEOC"). The Charging Parties alleged that Highland Fruit Growers, Inc., ("Highland Fruit") discriminated against them on the basis of sex by

CONSENT DECREE - PAGE 1

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Seattle District Office**
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

subjecting them to sexual harassment, retaliation, and/or constructive discharge, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq.

2. The EEOC sent Highland Fruit a Letter of Determination with findings of reasonable cause that it had violated Title VII.

3. The Commission filed this lawsuit on September 29, 2003 in the United States District Court for the Eastern District of Washington on behalf of the charging parties.

4. The EEOC, Charging Parties and Defendant, Highland Fruit want to conclude all claims of the charging parties without expending further resources in contested litigation.

## II.  NON-ADMISSION OF LIABILITY AND NON-DETERMINATION BY THE COURT

5. This Consent Decree is not an admission of wrongdoing or an adjudication or finding on the merits of the case. This Consent Decree shall not be used as evidence of liability or for purposes of res judicata or collateral estoppel in any legal proceeding against the Defendant. Neither the agreement to enter this Decree, nor the Decree shall be admissible in any proceeding as an admission by Defendant of any violation of, failure to comply with, interference, retaliation or obstruction of compliance with Title VII or any other employment law or order.

## III.  SETTLEMENT SCOPE

6. This Consent Decree is the final and complete resolution of all allegations of unlawful employment practices contained in the complaint filed herein on behalf of the charging parties by the EEOC, and joined in on my the Intervenors, including all claims for attorney fees and costs. The terms of this Consent Decree shall apply to employees at Defendant Highland Fruit's Yakima, Washington facility. The Consent Decree resolves all issues and claims arising out of this Complaint and is binding and final as to all such issues and claims.

CONSENT DECREE - PAGE 2

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Seattle District Office**
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

## IV. JURISDICTION AND VENUE

7. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. Plaintiff EEOC's action is authorized pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-5(f)(1) and (3) and 2000e-6 ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a. The employment practices alleged to be unlawful in the EEOC's Complaint filed herein occurred within the jurisdiction of the United States District Court for the Western District of Washington.

## V. DEFINITION OF TERMS

For the purposes of this Consent Decree, the following definitions shall apply:

8. "The Effective Date of the Consent Decree" is the date the United States District Court for the Eastern District of Washington enters the Consent Decree and (Proposed) Order of Dismissal.

9. Unless otherwise indicated, the word "days" refers to calendar days.

10. "Formal or Informal Complaints" includes any complaint, whether written or oral, made to a manager or supervisor with the Defendant.

## VI. MONETARY RELIEF

11. In settlement of the EEOC's and the Plaintiff-Intervener's claims in this lawsuit, Defendant Highland Fruit has agreed to pay the Intervenors the total lump sum of $150,000.00 .

## VII. INJUNCTIVE RELIEF

**A.  Compliance with Title VII**

12. Defendant Highland Fruit reaffirms its commitment to comply with Title VII. To further this commitment, the Defendant Highland Fruit shall monitor the affirmative obligations of this Consent Decree. The terms of this Consent Decree apply to all employees of Defendant Highland Fruit.

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle District Office
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD:  (206) 220-6882

13. Defendant Highland Fruit will not retaliate against any employee for opposing a practice deemed unlawful by Title VII or for making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing associated with this action.

14. Defendant Highland Fruit, its officers, agents, and employees are hereby enjoined from engaging in personnel practices which unlawfully discriminate against applicants and employees in violation of Title VII. In recognition of its obligations under Title VII, Defendant Highland Fruit will institute the policies and practices set forth below.

**B.    Retention of a Consultant**

15. Defendant Highland Fruit will retain, at Highland Fruit's expense, a consultant to conduct an internal review and audit of Highland Fruit's anti-discrimination and harassment policies, practices and procedures. With the assistance of the consultant, Highland Fruit will either enhance or adopt a written policy that sets forth its anti-discrimination and harassment policies and reporting mechanisms.

16. Defendant Highland Fruit will distribute the new anti-discrimination and harassment policy in English and Spanish to all employees within 45 days after entry of this decree.

17. This policy will be distributed to all present and future employees, both management and non-management, in Defendant Highland Fruit's Yakima, Washington facilities, beginning 45 days after entry of this decree and continuing for the duration of the decree. Distribution to temporary employees may consist of notification of the existence and the location of the policy.

18. Defendant Highland Fruit affirms the following "Statement of Zero-Tolerance Policy and Workplace Objectives":

> Highland Fruit is firmly committed to developing and maintaining a zero-tolerance policy concerning discrimination, sexual harassment and retaliation against individuals who report discrimination or harassment in the company's

CONSENT DECREE - PAGE 4

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle District Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

workplace; to swiftly and firmly responding to any acts of discrimination, sexual harassment or retaliation of which the company becomes aware; to implementing a disciplinary system that is designed to strongly deter future acts of discrimination, sexual harassment or retaliation; and to actively monitoring its workplace in order to ensure tolerance, respect and dignity for all people.

19. In order to effectuate the objectives embodied in the Defendant Highland Fruit's Statement of Zero-Tolerance Policy and Workplace Objectives and this Decree, the Defendant Highland Fruit will ensure the following policies, procedures, and practices are in effect:

(a) <u>Complaint Procedures</u>.

    (i) Defendant Highland Fruit agrees that it will provide the name, job title, work location, and telephone number of the management employees charged with investigating such issues in its written expanded sexual harassment policy . That information will also be routinely and continuously posted. If the name or designation of the management employees charged with investigating issues of discrimination, sexual harassment, and retaliation change, defendant will re-post his or her name, job title, work location, and telephone number.

    (ii) Defendant Highland Fruit agrees that it shall enable complaining parties to be interviewed by Defendant Highland Fruit about their complaints in such a manner that permits the complaining party, at such party's election, to remain inconspicuous to all of the employees in such party's work area. Defendant Highland Fruit agrees that its complaint procedure shall not impose upon individuals

CONSENT DECREE - PAGE 5

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
**Seattle District Office**
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

          seeking to make a complaint alleging discrimination, sexual harassment and/or retaliation any requirements that are more burdensome than are imposed upon individuals who make other complaints of comparable gravity.

    (iii)    Defendant Highland Fruit agrees that it shall ensure that its policies and procedures provide that complaint handling and disciplinary procedures regarding all complaints of discrimination, sexual harassment and/or retaliation are investigated and addressed promptly.  Specifically, Defendant Highland Fruit agrees that it shall investigate all complaints of discrimination, sexual harassment and/or retaliation promptly and to complete investigations within three (3) weeks.  Defendant Highland Fruit will further make its best effort to prepare its written findings of the results of each investigation and the remedial actions proposed within seven (7) days after completion of the investigation, and shall thereupon promptly communicate to the complaining party the results of the investigation and the remedial actions taken or proposed, if any.  Such communication will reasonably take into account the privacy of the accused.

    (iv)    Defendant Highland Fruit agrees that it shall make its best effort to ensure that appropriate remedial action is taken to resolve complaints and to avoid the occurrence of discrimination, sexual harassment and/or retaliation.

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle District Office
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD:  (206) 220-6882

Defendant Highland Fruit further agrees that it shall provide for substantial discipline up to and including termination -- including, but not limited to, suspension without pay as a possible consequence for violations of its anti-discrimination and harassment policy.

(b)     <u>Policies Designed To Promote Supervisor Accountability</u>.

(i)     Defendant Highland Fruit agrees that it shall impose substantial discipline -- up to and including demotion, suspension without pay or termination upon any supervisor or manager who engages in discrimination or sexual harassment or permits any such conduct to occur in his or her work area or among employees under his or her supervision, or who retaliates against any person who complains or participates in any investigation or proceeding concerning any such conduct.  Defendant Highland Fruit shall communicate this policy to all of its supervisors and managers.

(ii)    Defendant Highland Fruit agrees that it shall continue to advise all managers and supervisors of their duty to actively monitor their work areas to ensure employees' compliance with the company's anti-discrimination and harassment policy,  and to report any incidents and/or complaints of  harassment, sexual harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Seattle District Office**
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD:  (206) 220-6882

   (iii) Defendant Highland Fruit agrees that any failure to comply with this policy will be considered in evaluating its managers, including when they are being considered for promotions.

 (c) <u>Anti-Discrimination and Harassment Training</u>.

   (i) Defendant Highland Fruit agrees that it shall provide annual ant-discrimination and sexual harassment training to all employees, and supervisors; to provide anti-discrimination and sexual harassment training to all senior managers; and to provide training to all persons charged with the handling of complaints of discrimination, sexual harassment and/or retaliation in the workplace, and the techniques for investigating and stopping it.  This training shall include issues regarding discrimination and sexual harassment by employees and/or customers or vendors of Defendant Highland Fruit.  Defendant Highland Fruit understands and agrees that this training, particularly that directed towards senior managers, may require one-on-one training or educational sessions.

   (ii) Defendant Highland Fruit agrees that all training required by this Decree shall be conducted in both English and Spanish by educators, consultants or attorneys experienced in the area of anti-discrimination and harassment training.

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
**Seattle District Office**
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD:  (206) 220-6882

     (iii) Defendant Highland Fruit agrees that it shall require owner Robert Ball to introduce the annual anti-discrimination and harassment training to communicate Defendant Highland Fruit's commitment to its Statement of Zero-Tolerance Policy and anti-harassment policy.

### C. Expunging Records

20. Defendant Highland Fruit will not disclose any information or make references to any charges of discrimination or this lawsuit in responding to employment reference requests for information about Maria R. Ramirez, Gabriela Uribe, Teresa Valle and Maria Cardenas.  In response to any inquiries, Defendant Highland Fruit shall provide employment references that includes only dates of employment and positions held.  Highland Fruit will provide each of the Plaintiff-Intervenors a reference letter on Highland Fruit letterhead confirming dates of employment, positions held, final rate of pay, and a statement that the employee "performed satisfactorily."  Defendant Highland Fruit may produce personnel information involving these charging parties if it is responding to any third party lawful subpoena.

21. Defendant Highland Fruit will expunge from the Charging Parties' personnel files, any references to a charge of discrimination against Defendant Highland Fruit and this lawsuit.  Defendant Highland Fruit will not add any information or references to charging parties' personnel files or records regarding their charge of discrimination and this lawsuit after such references have been expunged.  Files containing information about the charging parties that have been developed during the subject litigation will be maintained in files separate and apart from the charging parties' personnel files.  Any such files shall be maintained by Highland Fruit at its own business offices, or at the offices of its legal counsel, at Highland's option. Defendant Highland Fruit will make the charging parties' personnel files available for inspection

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Seattle District Office**
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD:  (206) 220-6882

by their counsel or the individual charging parties either at the Defendant Highland Fruit's Yakima, Washington facility or at the offices of its legal counsel.

**D.     Reporting**

22.    Six months following the entry of this Decree and every six months thereafter for the duration of the Decree, Defendant Highland Fruit will send the EEOC a written report of individuals who complained of discrimination, sexual harassment or retaliation during the prior six-month period, along with an explanation as to all actions taken with regards to such complaints.

23.    Defendant Highland Fruit shall submit a final report to the EEOC 30 days before the Consent Decree expires containing a statement that it has complied with all the terms of this Consent Decree.

**E.     Posting**

24.    Within two (2) weeks after entry of this Decree, Defendant Highland Fruit shall post a notice in the form of Exhibit 1 (in both English and Spanish) attached to this Decree in prominent and conspicuous location(s) in or near the employee cafeteria, lunchroom or other place within Defendant Highland Fruit's facilities where employees tend to gather. The notice shall remain posted for the duration of this Decree. In the event that the persons and/or departments to whom individuals should make complaints alleging discrimination and/or retaliation change during the term of the Decree, such that the information contained on the notice is no longer accurate, Defendant Highland Fruit shall immediately prepare a new notice that contains the correct information. Defendant Highland Fruit shall thereupon promptly replace the old notices with the revised notices. Defendant Highland Fruit shall maintain a copy of this decree in its Personnel Office for any employee who wishes to review it.

CONSENT DECREE - PAGE 10

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
**Seattle District Office**
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD:  (206) 220-6882

## VIII. ENFORCEMENT

25. If the EEOC concludes that Defendant Highland Fruit has breached this agreement, it may bring an action in the United States District Court for the Eastern District of Washington to enforce this Consent Decree. Before bringing an action for breach of the Decree, the EEOC shall first give Defendant Highland Fruit ten (10) days notice. The EEOC and Defendant Highland Fruit shall use that 10-day period for good faith efforts to resolve the matter.

## IX. RETENTION OF JURISDICTION

26. The United States District Court for the Eastern District of Washington shall retain jurisdiction over this matter for the duration of the Decree.

## X. DURATION AND TERMINATION

27. This Decree shall be in effect for four (4) years, commencing with the date the Decree is filed. If the EEOC petitions the court for breach of agreement, and the court finds Defendant Highland Fruit to be in violation of the terms of the Consent Decree, the court may extend this Consent Decree.

/ / /

/ / /

/ / /

/ / /

/ / /

CONSENT DECREE - PAGE 11

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Seattle District Office**
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

## VI. CONCLUSION

28. The provisions of this Consent Decree are not binding on the parties until the authorized representatives for the Plaintiff EEOC and Defendant Highland Fruit sign and the court enters the Consent Decree in the court.

DATED this 28th day of January 2005.

| | |
|---|---|
| A. LUIS LUCERO, JR.<br>Regional Attorney | ERIC S. DRIEBAND<br>General Counsel |
| KATHRYN OLSON<br>Supervisory Trial Attorney | JAMES L. LEE<br>Deputy General Counsel |
| CARMEN FLORES<br>Senior Trial Attorney | GWENDOLYN YOUNG REAMS<br>Associate General Counsel |

By: /s/A. Luis Lucero, Jr.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

| | |
|---|---|
| Seattle District Office<br>909 First Avenue, Suite 400<br>Seattle, Washington 98104<br>Telephone (206) 220-6920 | Office of the General Counsel<br>1801 "L" Street, N.W.<br>Washington, D.C. 20507 |

BY: /s/Brendan Monahan
Brendan Monahan
VELIKANJE, MOORE & SHORE, P.S.
405 East Lincoln Avenue
P.O. Box 22550
Yakima, WA 98907
Attorneys for Defendant
Telephone: (509)248-6030

CONSENT DECREE - PAGE 12

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle District Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

**ORDER**

The Court having considered the foregoing stipulated agreement of the parties. IT IS HEREBY ORDERED THAT the foregoing consent decree be, and the same is, approved as the final decree of this Court in full settlement of this action. This lawsuit is hereby dismissed with prejudice and without costs or attorneys' fees to any party. The Court retains jurisdiction of this matter for purposes of enforcing the consent decree approved herein.

DATED this 14th day of February, 2005.

          s/ Fred Van Sickle
          UNITED STATES DISTRICT JUDGE

CONSENT DECREE - PAGE 13

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Seattle District Office**
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882